## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**KATHERINE TAKAMATSU,**

    **Plaintiff,**

v.                                                              Case No.  8:08-CV-1261-T-30TGW

**WILLIAM RYAN HOMES OF FLORIDA,**
**INC., a Florida Corporation,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Remand and For an Award of Costs and Attorney's Fees (Dkt. 5) and Defendant's response in opposition to the same and incorporated motion to amend the notice of removal (Dkt. 12).[1] The Court, having considered the motion, response, and memoranda, and being otherwise advised in the premises, determines that Plaintiff's Motion to Remand should be granted.

On January 15, 2008, Plaintiff, a Florida resident, filed the instant action against Defendant William Ryan Homes Florida, Inc., a Florida Corporation, in the Thirteenth Judicial Circuit Court in and for Hillsborough County, Florida.  In her complaint, Plaintiff alleges two Florida common law claims, to wit, unpaid wages and breach of contract, and a violation of the Florida Private Whistleblower Act, Fla. Stat. 448.103 ("FWA").

---

[1] Before this matter was removed to federal court, Defendant filed a motion to dismiss, see Dkt. 3.  Plaintiff has responded in opposition to Defendant's motion (Dkt. 11). A decision on Defendant's motion would require this Court to address the merits of Plaintiff's claims. Accordingly, for reasons discussed below, Defendant's motion to dismiss will not be addressed by this Court.

Plaintiff was employed by Defendant on February 28, 2005, as an internet sales representative. On August 31, 2007, the parties entered into a contract establishing a plan whereby sales representatives who achieved certain goals would receive a bonus (the "Contract"). According to Plaintiff, by December 1, 2007, she had surpassed her annual sales quota and qualified for a bonus to be distributed in February 2008.

On November 30, 2007, Defendant's sales manager informed Plaintiff that she was being "written up" for having a "poor attitude" and directed her to respond to the accusation in writing. In her December 5, 2007 response, Plaintiff stated that she felt she was the victim of gender discrimination within the work place and accused the company of trying to terminate her in an effort to avoid having to pay the commissions and bonuses for which she had qualified. Plaintiff's employment was terminated on December 6, 2007. Plaintiff seeks payment of unpaid wages she earned under the Contract and commissions on sales that she made but which had not closed at the time of her termination, as well as monetary damages under Fla. Stat. 448.102 for retaliatory termination.

On May 29, 2008, Plaintiff filed a suit against Defendant in federal court seeking injunctive and monetary relief under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., and the Florida Civil Rights Act of 1992, Fla. Stat. § 760.10, et seq., see Takamatsu v. William Ryan Homes of Florida, Case No. 8:08-CV-938-T-26MSS (M.D. Fla. 2008). Citing 28 U.S.C. § 1441(a)-(c), Defendant removed the instant case to federal court on July 1, 2008, asserting that because the federal court has jurisdiction over the claims filed in the federal complaint under 28 U.S.C. § 1331, it has supplemental

jurisdiction over the claims filed in the state court proceedings pursuant to 28 U.S.C. § 1367[2] (Dkt. 1).

On July 7, 2008, Plaintiff filed the instant motion to remand. Relying, *inter alia*, on the decision in Schwarz v. City of Treasure Island, Plaintiff argues that "supplemental jurisdiction cannot provide the original jurisdiction necessary to qualify for removal under § 1441." 2007 WL (M.D. Fla. 2007). See also Port Authority of New York and New Jersey v. Allianz Ins. Co., 443 F.Supp.2d 548, 555 (S.D. N.Y. 2006) (holding "supplemental jurisdiction cannot supply the original jurisdiction needed to remove a state court complaint under 28 U.S.C. § 1441(a) – even if the action which a defendant seeks to remove is related to another action over which the federal district court already has subject matter jurisdiction, and even if removal would be efficient" (citations omitted)). The Court finds Plaintiff's argument persuasive. Granting Defendant leave to amend its notice of removal will not cure the jurisdictional defect in this matter.

In opposing Plaintiff's motion to remand, Defendant further contends that Plaintiff's FWA claim is, as a matter of law, preempted by the more specific federal laws dealing with anti-retaliation, see Title VII, 42 U.S.C. § 2000(e)(3).

It is not necessary to prove discrimination in a claim under the FWA because the objectives of federal anti-discrimination statutes are not the same as those of the Florida

---

[2]"Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." 28 U.S.C. § 1367(a).

whistle-blower legislation.[3] See Terrell v. AmSouth Investment Services, Inc., 217 F.Supp.2d 1233, 1236 (M.D. Fla. 2002) ("A whistle-blower claim contains no element of proof of sex, race, color, national origin, religion, age, or disability-based discrimination. A whistle-blower claim is totally retaliatory in nature."); Rice-Lamar v. City of Fort Lauderdale, 853 So.2d 1125 (Fla. 4th DCA 2003) (elements of a plaintiff's claim under the FWA are distinct from elements required to establish an employee's federal discrimination claims). To the contrary, the FWA was enacted to protect private employees who report or refuse to assist employers who violate laws enacted to protect the public. See Golf Channel v. Jenkins, 752 So.2d 561, 562 (Fla. 2000) (citation omitted).

Anti-discrimination statutes such as Title VII are, on the other hand, designed to eradicate discrimination against persons in the workplace on the basis of race, color, sex, national origin, and religion. While the facts giving rise to a plaintiff's claim under the FWA and federal discrimination statutes may be the same, the issues are entirely different. Rice-Lamar, 853 So.2d at 1132; see also Rice-Lamar v. City of Fort Lauderdale, 54 F.Supp. 2d 1137 (S.D. Fla. 1998) (federal discriminatory action alleging plaintiff was reprimanded, suspended, and discharged based on her race and gender and retaliated against because of her protected speech under the First Amendment); Gray v. Webco General Partnership, 36

---

[3] Subsection 3 of the FWA renders an employer liable to an employee for retaliatory personnel action based upon an employee's objection to, or refusal to participate in, any activity, policy, or practice of the employer that is in violation of "a law, rule, or regulation." See § 448.102(3). Subsection 4 of the FWA provides that a "law, rule, or regulation includes any statute or ordinance or any rule or regulation adopted pursuant to any *federal*, state, or local statute or ordinance applicable to the employer and pertaining to the business." Fla. Stat. § 448.101(4) (emphasis added). See also El Toro Exterminator of Florida, Inc. v. Cernada, 953 So.2d 616 (Fla. 3d DCA 2007) (violations of county ordnance and administrative code are sufficient to support claim under Fla. Stat. 448.102(3)).

F.Supp.2d 1331 (M.D. Fla. 1999) (Title VII retaliation claim did not preempt same claim under state law). Considered to be in accord with the goals and provisions of Title VII, the FWA is not preempted by it. Thus, a federal claim for retaliation under Title VII and a state claim for retaliation under FWA can be maintained simultaneously. Since Plaintiff's right to relief under the FWA does not depend upon federal law, Plaintiff's retaliatory termination claim is independently actionable.

Furthermore, consolidation of Plaintiff's state and federal actions will not cure any jurisdictional defects. See McKenzie v. United States, 678 F.2d 571, 574 (5th Cir. 1982). Consolidation does not "cause one civil action to emerge from two; the actions do not lose their separate identity; the parties to one action do not become parties to another." Id. Moreover, "[n]either consolidation with a jurisdictionally proper case nor an agreement by the parties can cure a case's jurisdictional infirmities." Brown v. Francis, 75 F.3d 860, 866 (3d Cir. 1996). Accordingly, no basis exists (or existed at the time of removal) to support the Court's exercise of subject matter jurisdiction over Plaintiff's claims.

Plaintiff seeks an award of attorney's fees under 28 U.S.C. 1447(c). A finding that the removal of this action was improper does not, however, entitle Plaintiff to an award of attorney fees. The award of attorneys' fees for a remand is intended "to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party." Hansard v. Forsyth County, 191 Fed.Appx. 844, 846-847 (11th Cir. 2006). Absent unusual circumstances, a court may award attorneys' fees for a remand "only where the removing party lacked an objectively reasonable basis for seeking removal. Id. (citing Martin v.

<u>Franklin Capital Corp.</u>, 546 U.S. 132, 138 (2005)). Plaintiff argues that "it is not objectively reasonable to argue for removal based on 28 U.S.C. § 1367 when numerous courts, including this court in a published opinion, have rejected such an argument." Given that none of the cases cited by Plaintiff are binding authority on this Court and Plaintiff does not argue that Defendant's notice of removal was filed in bad faith. Plaintiff's request for attorneys' fees therefore fails.

ACCORDINGLY, it is **ORDERED and ADJUDGED** that:

1. Plaintiff's Motion for Remand (Dkt. 5) is **GRANTED**.

2. The Clerk is directed to **remand** this action to the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.  The Clerk is also directed to forward a certified copy of this Order to that court.

3. The Clerk is directed to close this file and terminate any pending motions.

**DONE** and **ORDERED** in Tampa, Florida on August 7, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2008\08-cv-1261 Remand.frm